THE LEGAL AID SOCIETY CIVIL

MEMO ENDORSED

Immigration Law Unit
49 Thomas Street, 5th Floor
New York, NY 10013
www.legalaidnyc.org

**(212) 298-3182**
**jmanalastas@legal-aid.org**

Alan Levine
*President*

Twyla Carter
*Attorney-in-Chief*

Adriene Holder
*Attorney-in-Charge*
Civil Practice

Deborah Lee
*Attorney-in-Charge*
Immigration Law Unit

August 5, 2026

***via E.C.F.***

Hon. Katherine Polk Failla
40 Foley Square
New York, New York 10007

**RE: Trotman v. Arteta et al., 1:26-cv-4499**
**Request to File Exhibits Under Seal**

Dear Judge Failla,

The Legal Aid Society represents the petitioner, Mr. Ireak Trotman ("Mr. Trotman"), in the above-captioned matter. We write to request leave of the Court to file under seal certain documents, namely the documents attached as Exhibit E and Exhibit F to the memorandum of law in support of Mr. Trotman's motion to enforce of August 5, 2026, filed at E.C.F. No. 9.

Pursuant to Federal Rule of Civil Procedure 5.2(e), Mr. Trotman, who challenges his immigration detention, respectfully requests that the Court allow him to file under seal certain documents relating to his encounters with law enforcement and certain photographs depicting him and his family, including his infant child.

The aforementioned documents are included as Exhibits to the memorandum of law in support of Mr. Trotman's motion to enforce this Court's order, *see* E.C.F. Nos. 8, 9, because they were submitted as evidence to the immigration court pursuant to this Court's order that Mr. Trotman be provided an individualized bond hearing with certain safeguards. The evidence that Mr. Trotman submits in this case and that the government may submit in response address matters of sensitive and personal nature. Due to the sensitive nature of these documents, the undersigned has excerpted them from the general evidentiary package which Mr. Trotman submitted to the immigration court, affixed to the aforementioned memorandum of law as Exhibit D. The excerpted Exhibits E and F involve information and photographs involving Mr. Trotman's personal life and family, including information relating to arrests, charges, and case dispositions which have been sealed under New York State law. To mitigate the risk of harm to his family and to himself, Mr.

Trotman respectfully requests that the Court allow him to file such documents under seal in this case as well.

Counsel for Petitioner inquired with Respondents as to their position on this motion and was informed that the government Respondents take no position as to the arrest-related documents and consent to the redacting/sealing of Petitioner's child's photographs.

**The Balance of Interest Weighs in Permitting Petitioner to File Documents Under Seal.**

The right of public access to judicial documents is subject to well-recognized exceptions, including when "the privacy interests of those resisting disclosure" outweigh the common law presumption of access. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006); *id.* at 124 (explaining that the presumption of public access arising out of the First Amendment may also be overcome "to preserve higher values" provided that "the sealing order is narrowly tailored to achieve that aim"). "District courts may issue protective and sealing orders to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense,' not to mention even graver concerns." *See Chevron Corp. v. Donziger,* No. 11-CIV-0691 (LAK), 2013 WL 646399, at *5 (S.D.N.Y. Feb. 21, 2013) (quoting *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir. 2004)).

Here, the balance of interests weighs in favor of sealing Mr. Trotman's documents attached as Exhibit E and Exhibit F to his memorandum of law in support of his motion to enforce, E.C.F. No. 9. As to Exhibit E, these documents involve information pertaining to Mr. Trotman's encounters with law enforcement, including charges which ultimately resulted in dismissals. Moreover, they include statements by Mr. Trotman, his fiancée, his social worker, and his criminal defense attorney detailing the circumstances underlying his arrests and the subsequent proceedings. However, each of Mr. Trotman's arrests resulted in case dismissals and were sealed pursuant to N.Y. Crim. Pro. L. § 160.50. *See* E.C.F. No. 9, Exh. E at 24-27. As such, the record of such actions and proceedings have already been sealed pursuant to state law preventing the disclosure to the public of information relating to cases resolved in favor of the accused. *See* N.Y. Crim. Pro. L. § 160.50(1). The documents in question include the aforementioned sealed records, in addition to other documents containing sensitive and personal information relating to the sealed cases. As to Exhibit F, this document contains several photographs depicting Mr. Trotman, his fiancée, and their infant child in a personal context.

Accordingly, these Exhibits invoke a high privacy interest, already recognized by state law, which weighs against disclosure in this forum. *See United States v. Sattar,* 471 F.Supp.2d 380, 387 (S.D.N.Y. 2006) (noting that where a party asserts a right to privacy, "a court should consider the degree to which the subject matter is traditionally considered private rather than public. . . . [F]amily affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh

more heavily against access than conduct affecting a substantial portion of the public.") (internal citation and quotations omitted). And because the interests of Mr. Trotman in continuing to keep his sensitive information and family photographs private outweighs the public's interest in knowing the particulars of his sealed cases and the intimate details of his family life, sealing of the records in the present matter is warranted.

For the reasons set forth above, this Court should grant Mr. Trotman's application and permit him to file under seal the documents in Exhibit E and Exhibit F of E.C.F. No. 9, subject to such future review as may be appropriate.

Dated: August 5, 2026
New York, New York

Respectfully submitted by:

*/s/ Jordan C. Manalastas*
Jordan Calazan Manalastas
THE LEGAL AID SOCIETY
49 Thomas Street, Fifth Floor
New York, New York 10013
(212) 298-3182
jmanalastas@legal-aid.org

*Counsel for Petitioner*

Petitioner's request to seal Exhibits E and F to the memorandum of law in support his motion to enforce the Court's June 1, 2026 Order is GRANTED.

Additionally, because the Court does not understand this District's Local Rules to set a clear timeline for the Government's brief in opposition to Petitioner's motion and for Petitioner's reply, the Court sets the following schedule: The Government shall submit its opposition on or before **August 19, 2026**, and Petitioner shall submit his reply on or before **August 26, 2026.**

The Clerk of Court is directed to terminate the pending motion at docket entry 10.

Dated: August 6, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE